(No. 4449— )

WALTER DE VORE, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 5, 1951.*

GILSTER AND EBERS, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Walter De Vore, filed his complaint on June 21, 1951, wherein he alleges that on January 28, 1949, while an inmate of the Illinois State Penitentiary at Menard, he was directed to work in the tin shop. On the particular day in question, he was cutting out handles for tin cups for use in the penitentiary by means of an electrically powered tin shears, whose mechanism was engaged or disengaged by means of a clutch, which was foot-operated. Claimant further alleges that this machine had been known to slip on previous occasions, causing the mechanism of the shears

to become engaged with the power unit without actuation by the operator, and without the control of the operator. While performing his regular duties, the tin shears became engaged with the power unit without control of the claimant by means of the clutch slipping into contact. The third and fourth fingers on claimant's left hand were sheared off at the first joints thereof, and his hand tendons were maimed and lacerated; and, as a result, claimant was hospitalized for a month. Claimant seeks $2,500.00 in damages from the respondent, State of Illinois.

The record consists of the complaint, motion of respondent to dismiss, notice to call up the motion of respondent to dismiss, brief of claimant in opposition to the motion of respondent to dismiss, and reply brief of respondent.

Respondent has filed its motion to dismiss the complaint, wherein it alleges that it appears from the face of the complaint that the claim is barred by the statute of limitations, more than two years having elapsed since the injury.

Section 22 of the Court of Claims Act reads as follows:

"Every claim cognizable by the Court and not otherwise sooner barred by law shall be forever barred from prosecution therein unless it is filed with the Clerk of the Court within two years after it first accrues, saving to infants, idiots, lunatics, insane persons and persons under other disability at the time the claim accrues two years from the time the disability ceases."

This Court held in *Mc Elyea* vs. *State*, 7 C.C.R. 69, as follows:

"The law of this State gives unto a prisoner serving a sentence in any penal institution the right to sue or to be sued in the Courts of this State during the period of such confinement. A convict does not lose his personal rights because of his imprisonment, although he is deprived by law of certain rights of citizenship. Therefore, as he possessed said personal rights the claimant was entitled, able and free to exercise them, even though he was confined in the penitentiary."

The complaint shows on its face that more than two years had elasped from the date of the alleged injury to the filing of the complaint. Therefore, under the law, this Court is without jurisdiction to hear and determine the claim for the reason that the statute of limitations had run against the claimant.

Having concluded that we are without jurisdiction to hear and determine this claim, it becomes unnecessary to discuss any other questions.

The motion of the Attorney General is allowed.

Complaint dismissed.